JEREMIAH REYNOLDS (SBN 223554)
jreynolds@eisnerlaw.com
EISNER, LLP
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

Attorneys for Defendant
MICHAEL VERTA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGITTE POUBLON and BRIGITTE & BOBBY SHERMAN CHILDREN'S FOUNDATION, a California nonprofit public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL VERTA, JONATHAN LAYMON, and DOES 1 through 20,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL (DIVERSITY JURISDICTION) 28 U.S.C. §§ 1332, 1441**<br><br>Trial Date: None Set |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EISNER, LLP

1
NOTICE OF REMOVAL

## DEFENDANT MICHAEL VERTA'S NOTICE OF REMOVAL

Defendant Michael Verta ("Defendant") hereby removes this case, originally filed by Plaintiffs Brigitte Poublon and Brigitte & Bobby Sherman Children's Foundation (together, "Plaintiffs") in the Superior Court of the State of California, County of Los Angeles, under the case number 23STCV04537, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This Notice of Removal is based on complete diversity of citizenship, because diversity of citizenship exists between Plaintiffs and Defendant, and the amount in controversy exceeds the jurisdictional minimum of $75,000.  *See* 28 U.S.C. § 1332. In support of removal, Defendant respectfully states as follows:

1.    Michael Verta is a named defendant in Case No. 23STCV04537, filed in the Superior Court of the State of California for the County of Los Angeles, styled *Brigitte Poublon, et al. v. Michael Verta, et al.* (the "State Court Action").

2.    Plaintiffs filed their Complaint ("Complaint") in the State Court Action on or about March 1, 2023.  Copies of the Civil Cover Sheet, Complaint, and Summons filed by Plaintiffs in the State Court Action are attached hereto as **Exhibits 1**, **2**, and **3** respectively.

3.    Defendant's counsel executed and served on Plaintiffs a Notice and Acknowledgment of Receipt of the Complaint on March 31, 2023.  A copy of the Notice and Acknowledgement of Receipt is attached hereto as **Exhibit 4**.  This Notice of Removal is timely filed because it is filed within thirty days after March 31, 2023. *See* 28 U.S.C. § 1446.

4.    There is complete diversity of citizenship of the Parties pursuant to 28 U.S.C. § 1332.  Defendant is a citizen of the State of Florida.  Plaintiff Brigitte Poublon is a citizen of the State of California.  (Ex. 2, ¶ 1.)  Plaintiff Brigitte & Bobby Sherman Children's Foundation is a nonprofit corporation organized and existing

under the laws of the State of California, with Brigitte Poublon serving as its Chief Executive Officer and President.  (*Id.*)

5.     The amount in controversy well exceeds $75,000.  Through the State Court Action, Plaintiffs seek a minimum of $260,000 in damages for alleged fraud and breach of contract against Defendant (*id.* ¶¶ 23, 29), as well as punitive damages, and a minimum of $300,000 in damages for alleged negligence against Defendant (*id.* ¶ 40), totaling in at least $560,000 in controversy.

6.     Any civil action is removable if the plaintiff(s) could have originally brought the action in federal court.  *See* 28 U.S.C. § 1441(a).  Because Defendant has satisfied the requirements for diversity jurisdiction pursuant to 28 U.S.C. § 1332, as set forth herein, Defendant has the right to remove the State Court Action to this Court.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the U.S. District Court for the Central District of California is the federal judicial district embracing the Superior Court of the State of California for the County of Los Angeles where the State Court Action was originally filed.

8.     By this Notice of Removal, Defendant does not waive any defenses, jurisdiction, or otherwise, which he may possess.  Defendant also does not concede that Plaintiffs have stated a claim against him.

9.     Contemporaneously with the filing of this Notice of Removal in this Court, Defendant has filed and served a Notice of Filing of Notice of Removal in the State Court Action and will provide written notice of the filing to all adverse parties. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit 5**.

10.    A Civil Cover Sheet is attached hereto as **Exhibit 6**.

11.    If any question arises as to the propriety of the removal of this action, Defendant's counsel respectfully requests the opportunity to present a brief and oral argument in support of the position that this case is removable to this Court.

12.     WHEREFORE, in accordance with the authorities set forth above, Defendant hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DATED:  April 28, 2023                          EISNER, LLP

By: _____
JEREMIAH REYNOLDS
Attorneys for Defendant
MICHAEL VERTA

# EXHIBIT 1

| | CM-010 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |

**MANDAVIA EPHRAIM & BURG LLP**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
TELEPHONE NO.: (310) 556-9694    FAX NO. *(Optional):* (310) 492-9868
E-MAIL ADDRESS: dburg@mandaviallp.com
ATTORNEY FOR *(Name):* Plaintiffs

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
BRIGITTE POUBLON, etc., v. MICHAEL VERTA, etc.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 23STCV04537 |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [X] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* Four
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 22, 2023

David L. Burg
(TYPE OR PRINT NAME)

▶ *David L. Burg*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| SHORT TITLE POUBLON V. VERTA | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| POUBLON V. VERTA | |

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | | ☐ 2307 Construction Accidents | 1, 4 |
| | | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| POUBLON V. VERTA | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☑ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| POUBLON V. VERTA | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>POUBLON V. VERTA | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>1801 Century Park East | |
|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90067 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Cent ral___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 02/22/2023 _____

*David L. Burg* _____

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

# EXHIBIT 2

ectronically FILED by Superior Court of California, County of Los Angeles on 03/01/2023 06:23 PM David W. Slayton, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

Case 2:23-cv-03236-HDV-SK   Document 1   Filed 04/28/23   Page 14 of 39   Page ID #:14

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Monica Bachner

1    MANDAVIA EPHRAIM & BURG LLP
David L. Burg (State Bar No. 130403)
2    1801 Century Park East
Suite 2400
3    Los Angeles, CA 90067
Telephone:    (310) 556-9694
4    Facsimile:    (310) 492-9868
Email:      dburg@mandaviallp.com
5
Attorneys for Plaintiffs
6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                COUNTY OF LOS ANGELES

10

11    BRIGITTE POUBLON and BRIGITTE &    |    Case No.      23STCV04537
BOBBY SHERMAN CHILDREN'S
12    FOUNDATION, a California nonprofit public    |    **COMPLAINT FOR;**
benefit corporation,
13                       |    **1. FRAUD;**
            Plaintiffs,      |    **2. BREACH OF CONTRACT; AND**
14                       |    **3. NEGLIGENCE**
       v.
15
MICHAEL VERTA, JONATHAN LAYMON,
16    and DOES 1 through 20,

17            Defendants.

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs Brigitte Poublon and Brigitte & Bobby Poublon Children's Foundation (collectively and severally, "Plaintiffs"), for their complaint against defendants Michael Verta, Jonathan Laymon, and Does 1 through 20 (collectively and severally, "Defendants"), allege:

1.     Plaintiff Brigitte Poublon ("Poublon") is an individual residing in Los Angeles County, California.

2.     Brigitte & Bobby Sherman Children's Foundation ("Children's Foundation") is a nonprofit corporation organized and existing for public benefit under the laws of the State of California.  From its inception, Poublon served as Chief Executive Officer of the Children's Foundation and she currently serves as its President.  Among other charitable endeavors, the Children's Foundation operates musical education facilities for impoverished children in West Africa.

3.     Defendant Michael Verta ("Verta") is an individual who, on information and belief, resides in the State of Florida and/or Texas.

4.     Defendant Jonathan Laymon ("Laymon") is an individual whose state of residence presently is unknown to Plaintiffs.  Defendants Verta, Laymon, and Does 1 through 5 are sometimes referred to herein as the "Contracting Defendants."

5.     Plaintiffs presently are ignorant of the true names and capacities of Defendants Does 1 through 20, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiffs will seek to amend this complaint when the true names and capacities of said Defendants are ascertained.  Plaintiffs are informed and believe, and on that basis allege, that each fictitiously named Defendant in some manner caused, contributed to, committed, or otherwise is responsible for the acts or omissions herein alleged.

6.     Plaintiffs are informed and believe, and on that basis allege, that at all relevant times each Defendant was and now is the agent or co-conspirator of each of the remaining Defendants, and, in doing the things herein alleged, acted within the course and scope of such agency or in furtherance of such conspiracy.  Plaintiffs are further informed and believe, and on that basis allege, that each Defendant colluded in and rendered substantial assistance in the

1   accomplishment of the wrongdoing herein alleged, or primarily committed the wrongdoing.  In

2   taking actions to aid, abet, or substantially assist the wrongdoing herein alleged, or to commit the

3   primary wrongdoing, all Defendants acted with an awareness of the primary wrongdoing, realized

4   that their conduct would substantially assist the accomplishment of that wrongdoing, and were

5   aware of their overall contribution to the conspiracy, common scheme, and course of wrongful

6   conduct.

7        7.      Poublon is married to the popular musical performer Bobby Sherman ("Sherman")

8   who rose to international fame in the 1960s.  During the early 1970s, Sherman and his then young

9   children were avid enthusiasts and frequent guests of Disneyland in Anaheim, California.  At or

10  about that time, and with the permission of the Walt Disney Company, Sherman painstakingly

11  envisioned, planned, financed, and constructed an authentic 1:5 scale model replica of

12  Disneyland's famous Main Street ("Bobby Sherman's Main Street") in the backyard of the

13  Sherman family residence in Los Angeles County, California ("Sherman Family Home").

14       8.      Poublon and Sherman were married in 2011 and they continue to reside in the

15  Sherman Family Home.

16       9.      By 2019, Bobby Sherman's Main Street was nearly 50 years old; its wooden

17  structure had become severely damaged by continuous exposure to the elements.  In honor of her

18  husband, and in recognition of this invaluable and deeply significant family treasure, Poublon

19  wished to restore Bobby Sherman's Main Street to its original splendor for the continued

20  enjoyment of Sherman, his family, and his guests.  In or about September 2019, Verta – who then

21  was an employee of the Children's Foundation and, in that capacity, was a frequent guest at the

22  Sherman Family Home – and Laymon offered in writing to do just that.  Specifically, in or about

23  September 2019, Verta and Laymon tendered to Poublon in Los Angeles County, California a

24  written offer entitled "Main Street Revisited The Restoration of Bobby Sherman's Disneyland

25  Replica" ("Verta-Laymon Written Offer").  A true copy of the Verta-Laymon Written Offer is

26  attached as Exhibit A hereto and is incorporated herein by this reference.  Among numerous other

27  provisions the Verta-Laymon Written Offer states:

28

"Project Brief:

The restoration, reconstruction, and preservation of Bobby Sherman's Disneyland –

an outdoor, scaled-model/replica of Disneyland's Main Street comprised of 21

building facades measuring approximately 1,248 sq feet.  The project is expected to

be executed in three phases (outlined below) over a period estimated to be between

eight and nine months, with the entire process to be filmed for a documentary on

the design, construction, and delivery.

* * *

Due to the sheer size and museum-quality standard of Bobby's model, as well as

the cost of robust, weatherproof materials and installation, the project is budgeted

at $400,000, turnkey.  This cost covers any and all expenses in research,

development, fabrication, travel, permitting, materials, etc.  We request a deposit of

$60k to commit resources and schedule for the 2020 build and installation."

The Verta-Laymon Written Offer stated that "Installation" of the newly constructed Bobby

Sherman's Main Street would take place at the Sherman Family Home in "June/July 2020."

10.     Poublon accepted the Verta-Laymon Written Offer thereby creating a binding

agreement made in Los Angeles County, California between the Contracting Defendants and

Poublon, the principal material provisions of which were memorialized by the Verta-Laymon

Written Offer ("Verta-Laymon Main Street Agreement").

11.     In or about September 2019, Poublon paid to the Contracting Defendants the

"deposit" in the amount of $60,000 required by the Verta-Laymon Main Street Agreement and, in

or about January 2020 – at Verta's specific request – Poublon made an additional payment to the

Contracting Defendants in the amount of $200,000 on account of the Verta-Laymon Main Street

Agreement.  Thus, by approximately January 2020, Poublon had paid to the Contracting

Defendants more than 65% of the total contracted price for the restored Bobby Sherman's Main

Street.

12.     In or about early 2020, Verta demolished the original Bobby Sherman's Main

Street as part of the Contracting Defendants' anticipated restoration project pursuant to the Verta-

1    Laymon Main Street Agreement.  Verta advised Poublon that the Contracting Defendants would

2    undertake construction of the new Bobby Sherman's Main Street at Verta's facilities in Florida.

3         13.    Due to the global COVID pandemic and lockdowns beginning in March 2020,

4    Poublon put the Bobby Sherman Main Street reconstruction project on hold for a total of

5    approximately 13 of the ensuing months.  This effectively pushed the contractual completion and

6    installation date for the new Bobby Sherman's Main Street to July / August 2021.

7         14.    By May 2022, months after this contractual completion date had passed, there was

8    no discernable progress toward completion or installation of the new Bobby Sherman's Main

9    Street as required by the Verta-Laymon Main Street Agreement.  Poublon further discovered at or

10   about this time that the Contracting Defendants had not commenced construction of any of the

11   building facades or other primary components of the new Bobby Sherman's Main Street; indeed,

12   their only apparent progress was a small number of standalone components (such as street lamps)

13   that the Contracting Defendants had engaged Chinese companies to manufacture rather than

14   fabricate these items themselves consistent with industry custom and practice.  Instead, as he

15   frequently had done over the preceding months and years, Verta made baseless excuses for the

16   Contracting Defendants' long-delayed contractual performance including an ostensible lack of

17   available materials, Sherman's inability to locate the original blueprints for Bobby Sherman's

18   Main Street (which were never promised to the Contracting Defendants, were not required by the

19   Verta-Laymon Main Street Agreement, and were not necessary for the reconstruction of Bobby

20   Sherman's Main Street), and Verta's outlandish claim that the Contracting Defendants were

21   "required" to "precisely" replicate "every facet and detail" of the original Bobby Sherman's Main

22   Street – which was never a contractual term nor an express or even implied demand by Poublon

23   (or Sherman).

24        15.    In May 2022, Poublon insisted that the Contracting Defendants assure her they

25   would complete and install the new Bobby Sherman's Main Street by Fall 2022 – more than a year

26   after the contractual completion date.  Verta refused to do so, instead continuing to make baseless

27   excuses about why the Contracting Defendants were unable even to begin construction of the

28   building facades and other primary components of the restored Bobby Sherman's Main Street.

Poublon then identified an experienced and qualified vendor in Southern California who offered to work cooperatively with the Contracting Defendants toward early completion of the Bobby Sherman's Main Street at its local facility (where Sherman could watch). This would have required Verta to share with this qualified local vendor the CAD files he had created for the project so they could collaborate toward early completion of the new Bobby Sherman's Main Street. Again, Verta adamantly refused to do so.

16.    In fact, it became increasingly clear that Verta had significantly distorted his role regarding the Bobby Sherman Main Street restoration project; Verta appeared to assert effective ownership of the project despite the obvious fact that he was not the project's owner but rather was a (highly) paid vendor of Poublon. Thus, in refusing Poublon's request to share his CAD files with this qualified local vendor, Verta stated:

> "I will not allow you nor anyone else to waste 2 years of my life and compromise
> the quality of the work that I do. I will be producing the perfect Disneyland, which
> I've already designed, as per agreement. . . . [T]his project is my life and my
> reputation and I don't compromise those for anybody."

This statement exemplifies Verta's misapprehension of his proper role which was – particularly after the Contracting Defendants took $260,000 of Poublon's money – solely to effectuate Poublon's reasonable instructions regarding their timely restoration of Bobby Sherman's Main Street per the Verta-Laymon Main Street Agreement. Verta had no contractual right to refuse his client's reasonable instructions for his own egomaniacal reasons – notwithstanding Verta's repetitive and tiresome habit of self-aggrandizement including about his self-described "magical wonderous" work.

17.    Given the Contracting Defendants' long-delayed performance in breach of the Verta-Laymon Main Street Agreement, and their continued refusal to ensure early completion and installation of the reconstructed Bobby Sherman's Main Street, in or about June 2022, Poublon sought other means to ensure early completion of the restored Bobby Sherman's Main Street. Poublon's friend had worked in the relevant industry and she put Poublon in contact with a Southern California-based vendor, Pro Machina, Inc. ("Pro Machina"). Pro Machina assured

Poublon it could put a team of about twenty people on the project and would complete and install the new Bobby Sherman's Main Street by late October 2022 – even without use of Verta's CAD files (which, had Verta made them available, would have substantially reduced the cost and timeline of the project). Contrary to Verta's repeated excuses over the previous months, Pro Machina was not concerned about obtaining necessary resins and other materials which apparently were widely available.

18.     Poublon subsequently entered into a written agreement with Pro Machina to design, construct, and install a reconstructed Bobby Sherman's Main Street by late October 2022 based on photographs of the original Bobby Sherman's Main Street and publicly-available information about Disneyland's Main Street circa 1974 ("Pro Machina Agreement"). The Pro Machina Agreement included a detailed description of the twenty buildings to be constructed to 1:5 scale including all facades, painting, dressings, window glazing, interior and exterior LED lighting, etc., as well as specific street details including sidewalks, street lighting, and street trees. Pro Machina timely completed and installed the new Bobby Sherman's Main Street pursuant to the Pro Machina Agreement and, on December 3, 2022, Poublon hosted an event for family and friends at the Sherman Family Home during which the newly restored Bobby Sherman's Main Street was unveiled for a deeply-moved Sherman and his guests.

19.     Based on the foregoing, Poublon has terminated the Verta-Laymon Main Street Agreement and has demanded that the Contracting Defendants return to her the $260,000 that Poublon paid to them thereunder, which the Contracting Defendants have failed and refused to do.

## FIRST CAUSE OF ACTION

### (For Fraud By Poublon Against Defendants Verta and Does 6-10)

20.     Plaintiffs reallege and incorporate herein by this reference each of the allegations in Paragraphs 1 through 19, inclusive.

21.     In or about September 2019, Verta intentionally or negligently without reasonable basis misrepresented to Poublon in Los Angeles County, California that the Contracting Defendants had the requisite expertise, experience, facilities, equipment, and personnel to properly

and timely reconstruct Bobby Sherman's Main Street and otherwise to properly and timely perform his obligations under the Verta-Laymon Main Street Agreement ("False Representations). The False Representations were false at the time they were made in that, at all times herein mentioned, the Contracting Defendants lacked the requisite expertise, experience, facilities, equipment, and/or personnel to properly and timely reconstruct Bobby Sherman's Main Street and otherwise to properly and timely perform under the Verta-Laymon Main Street Agreement. Alternatively, in or about September 2019, Verta deliberately concealed from Poublon the true facts that the Contracting Defendants lacked the requisite expertise, experience, facilities, equipment, and/or personnel to properly and timely reconstruct Bobby Sherman's Main Street and otherwise to properly and timely perform under the Verta-Laymon Main Street Agreement, despite Verta's legal obligation under these circumstances to reveal those true facts to Poublon ("Fraudulent Concealment").

22.     Poublon reasonably relied on the False Representations and/or the Fraudulent Concealment by entering into the Verta-Laymon Main Street Agreement and by paying the total amount of $260,000 to the Contracting Defendants thereunder.

23.     As a proximate result of the fraudulent conduct on the part of Defendants Verta and Does 6 through 10 herein alleged, Poublon has suffered damages in an amount to be proven at trial not less than $260,000.

24.     Defendants Verta and Does 6 through 10 are guilty of fraud, oppression, and malice for engaging in the intentional fraudulent conduct herein alleged.  Accordingly, Poublon is entitled to recover punitive damages for the sake of example and by way of punishing these Defendants for their unlawful conduct in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

### (For Breach of the Verta Main Street Agreement

### By Poublon Against The Contracting Defendants)

25.     Plaintiffs reallege and incorporate herein by this reference each of the allegations in Paragraphs 1 through 19, inclusive.

26.     In addition to its express provisions, the Verta-Laymon Main Street Agreement contained an implied covenant of good faith and fair dealing on the part of the Contracting Defendants, pursuant to which the Contracting Defendants were obligated to treat Poublon fairly and in good faith, to do nothing to deprive Poublon of the benefits of the Verta-Laymon Main Street Agreement, and to do everything the Verta-Laymon Main Street Agreement presupposed the Contracting Defendants would do to accomplish its purpose.

27.     Poublon has performed all of her obligations under the Verta-Laymon Main Street Agreement, except to the extent her contractual performance has been prevented, excused, or waived by the acts or omissions of the Contracting Defendants.

28.     The Contracting Defendants have breached the Verta-Laymon Main Street Agreement including by, among other things (1) failing to timely complete and install a properly reconstructed Bobby Sherman's Main Street, (2) failing and refusing to commit to completion and installation of the new Bobby Sherman's Main Street by Fall 2022 thereby further anticipatorily breaching the Verta-Laymon Main Street Agreement, (3) failing and refusing to cooperatively work with Poublon toward early completion and installation of the new Bobby Sherman's Main Street, (4) failing and refusing to return to Poublon the $260,000 she paid to the Contracting Defendants pursuant to the Verta-Laymon Main Street Agreement for work that was never performed, (5) failing to treat Poublon fairly and in good faith, (6) depriving Poublon of the benefits of the Verta-Laymon Main Street Agreement, and (7) failing to do everything the Verta-Laymon Main Street Agreement presupposed that the Contracting Defendants would do to accomplish its purpose.

29.     As a direct and foreseeable result of the Contracting Defendants' contractual breaches herein alleged, Poublon has been damaged in an amount to be proven at trial not less than $260,000.

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

### (For Negligence Re Main Street Foundation Installation Services

### By Poublon Against Defendants Verta and Does 11-15)

30.     Plaintiffs reallege and incorporate herein by this reference each of the allegations in Paragraphs 1 through 19, inclusive.

31.     In addition to the work the Contracting Defendants were to perform pursuant to the Verta-Laymon Main Street Agreement, Poublon separately engaged (and paid) Verta to design and oversee installation of a new cement foundation at the Sherman Family Home upon which the reconstructed Bobby Sherman's Main Street would be installed ("Main Street Foundation Installation Services").

32.     At all times herein mentioned Defendants Verta and Does 11 through 15 owed to Poublon a duty of due care to perform the Main Street Foundation Installation Services competently, properly, and consistent with prevailing community and professional standards ("Foundation Installation Services Duty Of Due Care").

33.     Defendants Verta and Does 11 through 15 breached the Foundation Installation Services Duty Of Due Care by negligently performing the Main Street Foundation Installation Services.  Specifically, and without limitation, Defendants Verta and Does 11 through 15 failed to properly design and install sufficient drainage systems in the new Main Street foundation; as a result, rain water now pools on the Main Street Foundation and intrudes into the newly restored Bobby Sherman's Main Street.

34.     As a proximate result of the negligent conduct of Defendants Verta and Does 11 through 15 herein alleged, Poublon has been damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (For Negligence Re Children's Foundation IT Services

### By The Children's Foundation Against Defendants Verta And Does 16-20)

35.     Plaintiffs reallege and incorporate herein by this reference each of the allegations in Paragraphs 1 through 6, inclusive.

36.     Verta was employed by the Children's Foundation until approximately June 8, 2022.

37.     Among Verta's responsibilities as an employee of the Children's Foundation was to design, implement, and maintain the Children's Foundation's information technology ("IT") systems in Los Angeles County, California ("Children's Foundation IT Services").

38.     At all times herein mentioned Defendants Verta and Does 16 through 20 owed to the Children's Foundation a duty of due care to perform the Children's Foundation IT Services competently, properly, and consistent with prevailing community and professional standards ("IT Services Duty Of Due Care").

39.     Defendants Verta and Does 16 through 20 breached the IT Services Duty Of Due Care by negligently performing the Children's Foundation IT Services.  Specifically, and without limitation, shortly after the termination of Verta's employment by the Children's Foundation on or about June 8, 2022, Plaintiffs discovered that there were numerous critical failures in the structure and maintenance of the Children's Foundation IT systems which had become chaotic and severely dysfunctional due to longstanding mismanagement by Verta and Does 16 through 20.  Moreover, certain of the Children's Foundation accounts and IT infrastructure elements were inaccessible without credentials and other information possessed exclusively by Verta and Does 16 through 20 (which Verta failed and refused to share with the Children's Foundation).  For these reasons, since June 2022, the Children's Foundation has been required to engage new IT consultants to design, implement, and maintain an entirely new IT system, and to purchase new hardware and software for this purpose.

40.     As a proximate result of the negligent conduct of Defendants Verta and Does 16 through 20 herein alleged, the Children's Foundation has been damaged in an amount to be proven at trial which Plaintiffs are informed and believe, and on that basis allege, is not less than $300,000.

/ / /

/ / /

/ / /

1       WHEREFORE, plaintiffs Brigitte Poublon and Brigitte & Bobby Poublon Children's

2 Foundation pray for judgment against defendants Michael Verta, Jonathan Laymon, and Does 1

3 through 20, and each of them, as follows:

4

5       1.     For compensatory damages in an amount to be proven at trial;

6       2.     On the First Cause of Action, for punitive or exemplary damages in an amount to

7 be proven at trial;

8       3.     For prejudgment interest in the greatest amount permitted by law;

9       4.     For all recoverable costs of suit herein; and

10       5.     For such additional or further relief as the Court deems just and proper.

11

12 DATED: February 21, 2023         MANDAVIA EPHRAIM & BURG LLP

13

14                 By:      *David L. Burg*

15                          David L. Burg
                             Attorneys for Plaintiffs

**<u>EXHIBIT A</u>**

## Main Street Revisited
## The Restoration of Bobby Sherman's Disneyland Replica

**Project Brief:**

The restoration, reconstruction, and preservation of Bobby Sherman's Disneyland – an outdoor, scaled-model/replica of Disneyland's Main Street comprised of 21 building facades measuring approximately 1,248 sq feet. The project is expected to be executed in three phases (outlined below) over a period estimated to be between eight and nine months, with the entire process to be filmed for a documentary on the design, construction, and delivery.

**PHASE I – Prep, R&D**
September, 2019-December 2019

During this phase, the original model and display site will be surveyed and documented – ultimately 3D-scanned using lidar and photogrammetry techniques to perfectly preserve the existing structure digitally. We will ascertain the structural, electrical, and logistics challenges of the eventual installation.  Available photographic and specifications reference materials will be scanned and organized.  During this preparatory phase, we will be conducting a series of small tests of various construction methods and materials, and developing in-house software tools as necessary for the digital portion of the build.

**PHASE II – Construction**
January, 2020 – June 2020

This, the bulk of the work will consist of digitally modeling, sculpting, casting, painting, and machining every detail of every façade in various robust, weatherproof materials.  While we will be preserving the external aesthetic precisely, we anticipate employing a far more robust internal steel framework and superstructure for the models than currently exists, to ensure not only its security at the present installation site, but to accommodate any potential future installations.  Amendments to the current installation include replacing plexiglass windows with true architectural glass, installing tiny LED and fiber optic lights, and creating a custom, miniaturized sound system playing the authentic, original soundtrack heard on the real Main Street.  The structure will consist of several, separate pieces bolted together seamlessly on-site, which will allow for ease of transport and/or storage if necessary.

**PHASE III – Installation**
June/July 2020

Having been completely built and assembled at our main facility in Orlando, Florida, the model will be disassembled and driven to Los Angeles on a custom flatbed constructed for the project.  Due to the private and personal nature of the work, we will be driving the model out

personally, vs. utilizing a shipping or other transport company.  Upon arriving in Los Angeles, we will begin a two-phase installation process consisting of 1) Removing/disassembling the existing structure, and 2) Installing the newly-constructed model.

During the disassembly of the existing model, we will be taking whatever efforts we can to preserve the existing facades as far as possible.  Because they are constructed of wood which has completely deteriorated, it is likely much of the structure would instantly disintegrate when handled, so we will be attempting to use binding agents and other techniques to save as much as we can – ideally for display, decoration, or posterity.  The rest of the structure and debris will then be removed.  We anticipate being able to utilize the existing concrete foundation, but it must be stripped and re-surfaced.  Additionally, the existing protective-canopy structure (long since having deteriorated) will be removed and pylon-holes filled and resurfaced to provide an unobstructed path around the model, which is not currently possible, and which will no longer require protection from the elements.  New electrical lines will be run, and installation points marked for the incoming superstructure.

Having cleared and resurfaced the existing foundation, installation of the new model will begin.  It is anticipated that each building will have its own self-leveling structure to ensure precision and flexibility during installation, however, given the sheer size of the model and the care which must be taken, we foresee the entire process taking up to two weeks to complete.


Due to the sheer size and museum-quality standard of Bobby's model, as well as the cost of robust, weatherproof materials and installation, the project is budgeted at $400,000, turnkey. This cost covers any and all expenses in research, development, fabrication, travel, permitting, materials, etc. We request a deposit of $60k to commit resources and schedule for the 2020 build and installation.  If you have any questions or need further information, we're more than happy to provide it.

We are extremely honored to be given the chance to work on such a challenging and exciting project,and cannot wait to see it come to fruition.  We look forward to the journey with gratitude and the deepest respect.

Sincerely,

Mike Verta
Jon Laymon

# EXHIBIT 3

ectronically FILED by Superior Court of California, County of Los Angeles on 03/01/2023 06:23 PM David W. Slayton, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MICHAEL VERTA, JONATHAN LAYMON, and DOES 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRITIGETTE POUBLON and BRIGITTE & BOBBY SHERMAN CHILDREN'S FOUNDATION, a
California nonprofit public benefit corporation

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br><br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br><br>23STCV04537 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David L. Burg, MANDAVIA EPHRAIM & BURG LLP, 1801 Century Park East, #2400, Los Angeles, CA 90067 (310) 556-9694

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* 03/01/2023 | Clerk, by  David W. Slayton, Executive Officer/Clerk of Court , Deputy<br>*(Secretario)*        N. Alvarez        *(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☐ on behalf of *(specify):*<br>under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)<br>          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>          ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

# EXHIBIT 4

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 130403 | *FOR COURT USE ONLY* |
|---|---|---|
| NAME: David L. Burg | | |
| FIRM NAME: Mandavia Ephraim & Burg LLP | | |
| STREET ADDRESS: 1801 Century Park East, Suite 2400 | | |
| CITY: Los Angeles    STATE: CA    ZIP CODE: 90067 | | |
| TELEPHONE NO.: (310) 550-9694    FAX NO.: (310) 492-9868 | | |
| E-MAIL ADDRESS: dburg@mandaviallp.com | | |
| ATTORNEY FOR (Name): Plaintiffs | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 N. Hill Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:     Los Angeles, CA 90012 |
| BRANCH NAME: Stanley Mosk Courthouse |

| Plaintiff/Petitioner: BRIGITTE POUBON |
|---|
| Defendant/Respondent: MICHAEL VERTA |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>23STCV04537 |
|---|---|

TO *(insert name of party being served):* Michael Verta

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 11, 2023

David L. Burg
(TYPE OR PRINT NAME)

▶

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):*

   Civil Cover Sheet and Addendum, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations, ADR Package, First Amended General Order, Notice of Case Management Conference

*(To be completed by recipient):*

Date this form is signed:   March 31, 2023

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

# EXHIBIT 5

JEREMIAH REYNOLDS (SBN 223554)
jreynolds@eisnerlaw.com
EISNER, LLP
9601 Wilshire Blvd., 7th Floor
Beverly Hills, California 90210
Telephone:  (310) 855-3200
Facsimile:  (310) 855-3201

Attorneys for Defendant
MICHAEL VERTA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| BRIGITTE POUBLON and BRIGITTE & BOBBY SHERMAN CHILDREN'S FOUNDATION, a California nonprofit public benefit corporation,<br><br>       Plaintiffs,<br><br>   vs.<br><br>MICHAEL VERTA, JONATHAN LAYMON, and DOES 1 through 20,<br><br>       Defendants. | Case No. 23STCV04537<br><br>*The Hon. Monica Bachner, Dept. 71*<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Action Filed:     March 1, 2023<br>Trial Date:       None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to 28 U.S.C. § 1446, Defendant Michael Verta provides this Notice of Filing of Notice of Removal of this action to the United States District Court for the Central District of California, which was duly filed in the Office of the Clerk of the United States District Court for the Central District of California on April 28, 2023.  A true and accurate copy of Defendant Michael Verta's Notice of Removal and supporting documents are attached hereto as **Exhibit A**.

DATED:  April 28, 2023                    EISNER, LLP

                                By: _____
                                JEREMIAH REYNOLDS
                                Attorneys for Defendant
                                MICHAEL VERTA

# EXHIBIT 6

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Brigitte Poublon; Brigitte & Bobby Sherman Children's Foundation | Michael Verta; Jonathan Laymon; Does 1-20 |

| (b) County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant  Lake County, FL |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| David L. Burg; MANDAVIA EPHRAIM & BURG, LLP; 1801 Century Park East, # 2400, Los Angeles, CA 90067 | Jeremiah Reynolds; EISNER, LLP; 9601 Wilshire Blvd., 7th Floor, Beverly Hills, CA 90210 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ 560,000.00 (min)

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of Contract; Fraud; Negligence

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | **SOCIAL SECURITY** |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 861 HIA (1395ff) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 862 Black Lung (923) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**       Case Number: _____

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☒ Yes   ☐ No<br><br>If "no, " skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* → | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes   ☒ No | | ☐ NO.  Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* → | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no, " skip to Question C.  If "yes," answer Question B.1, at right. | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* → | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes   ☒ No | | ☐ NO.  Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* → | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| If "no, " skip to Question D.  If "yes," answer Question C.1, at right. | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes   ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E,  below, and continue from there.<br>If "no," go to question D2 to the right. → | ☐ Yes   ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E,  below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | Western |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes   ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**:  Has this action been previously filed **in this court**?          ☒ NO          ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES**:  Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO          ☐ YES

If yes, list case number(s):

**Civil cases** are related when they (check all that apply):

☐   A.  Arise from the same or a closely related transaction, happening, or event;

☐   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐   A.  Arise from the same or a closely related transaction, happening, or event;

☐   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**                               DATE:  April 28, 2023

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |